UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE 1,<br><br>Plaintiff,<br><br>v.<br><br>OGDEN CITY SCHOOL DISTRICT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO PROCEED PSEUDONYMOUSLY (DOC. NO. 43)**<br><br>Case No. 1:20-cv-00048-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

In this case, Plaintiff Jane Doe 1 makes a claim of deliberate indifference under Title IX against Defendant Ogden City School District (the "School District"). (Second Am. Compl., Doc. No. 35.) Now before the court is the parties' Stipulated Motion to Proceed Pseudonymously ("Mot.," Doc. No. 43). For the reasons explained below, the motion is GRANTED.

BACKGROUND

In her Second Amended Complaint, Ms. Doe asserts the School District employed Drew Tutt as a junior high teacher, a position giving him daily, unsupervised access to underage girls. (Second Am. Compl. 1, 10, Doc. No. 35.) According to Ms. Doe, Mr. Tutt sexually groomed multiple students, including Ms. Doe. (*Id.* at 1.) Mr. Tutt invited Ms. Doe to one-on-one lunches in his classroom, added her as a contact on Snapchat and Facebook, sent her explicit text messages and pictures of himself, requested that she send him pictures of herself, and called her late at night. (*Id.* at 11.) Mr. Tutt then began picking Ms. Doe up from her house late at night to take her onto school grounds or to a nearby park. (*Id.* at 11–12.) Ms. Doe alleges in her

1

complaint that Mr. Tutt sexually molested her on several occasions. (*Id.* at 12–13.) Ms. Doe claims that despite the school's knowledge of Mr. Tutt's inappropriate behavior and multiple complaints from parents, the School District acted with deliberate indifference, permitting Mr. Tutt to continue sexually grooming Ms. Doe and other students. (*Id.* at 13–14.)

Ms. Doe brought this action as "Jane Doe 1" and proceeded under that pseudonym thereafter. Ms. Doe, with the School District's stipulation, now seeks the court's permission to proceed pseudonymously. (Mot., Doc. No. 43.)

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). There are no provisions in the Federal Rules "for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). However, "[i]n certain limited circumstances . . . courts have permitted a plaintiff to proceed using a fictitious name" including where "significant privacy interests" are implicated. *Id.*

## ANALYSIS

In the Tenth Circuit, absent permission by the court to proceed under pseudonym, "the federal courts lack jurisdiction over the unnamed parites." *Gibbs*, 886 F.2d at 1245. The parties concede as much. (Mot. 2, Doc. No. 43.) Accordingly, Ms. Doe's failure to obtain permission from the court "amounts to a jurisdictional defect." *Geico Gen. Ins. Co. v. M.O.*, No. 21-2164, 2021 U.S. Dist. LEXIS 187843, at *13 (D. Kan. Sep. 30, 2021) (unpublished). Although the parties agree Ms. Doe should be permitted to proceed pseudonymously, they do not discuss whether this defect issue is curable. While the question of curability appears to be an open issue in the Tenth Circuit, persuasive case law supports finding the defect curable.

The most applicable Tenth Circuit case is *W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001). In *Yocom*, the Tenth Circuit dismissed an appeal where the plaintiffs never requested permission to proceed anonymously before the district court. *Id.* at 1172–73. After the notice of appeal was filed, the magistrate judge granted the plaintiffs leave to proceed by pseudonym *nunc pro tunc*. *Id.* at 1172. The Tenth Circuit held "[a] lack of jurisdiction cannot be corrected by an order *nun pro tunc*," and found the defect could not be cured once an appeal was filed. *Id.* Relying on *Yocom*, some courts have held the jurisdictional defect caused by filing a case under pseudonym cannot be cured by a subsequent request to proceed pseudonymously. *See, e.g.*, *Doe v. Kan. State Univ.*, No. 2:20-cv-02258, 2021 U.S. Dist. LEXIS 4538, at *6 (D. Kan. Jan. 11, 2021) (unpublished) (dismissing case without prejudice upon finding that failure to seek leave to proceed under pseudonym at the outset of the case was an uncurable defect).

However, other courts have rejected this strict reading of *Yocom*. For example, in *Doe v. Farmington Municipal Schools*, the District of New Mexico acknowledged "[i]n dicta, the *Yocom* court stated, [w]hen a party wishes to *file* a case anonymously or under a pseudonym, it must *first* petition the district court for permission to do so." No. 21-103, 2021 U.S. Dist. LEXIS 70813, at *3 (D.N.M. Apr. 13, 2021) (unpublished) (internal quotation marks omitted) (emphasis in original). However, *Gibbs*, which *Yocom* relied on for this assertion, "did not directly address when a party seeking to proceed anonymously must get permission from the district court." *Id.* at *3–4 (citing *Gibbs*, 886 F.2d at 1245). Instead, *Gibbs* suggested "such permission might properly be obtained after the complaint is filed." *Id.* at *4; *see also Gibbs*, 886 F.2d at 1245 ("In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants."). With this analysis, the District of New Mexico permitted the plaintiff to cure the

jurisdictional defect, concluding the court was not "bound to a strict reading of *Yocom*'s dicta."[1] *Farmington Mun. Sch.*, 2021 U.S. Dist. LEXIS 70813, at *4.

In at least one case, the District of Kansas has followed a similar approach. In *Geico General Insurance Company*, the court noted an "arguable lack of clarity" on the "timing of when exactly a party must request [] permission [to proceed by pseudonym]." 2021 U.S. Dist. LEXIS 187843, at *14. But the court rejected as dicta any suggestion in *Yocom* "that a party must file a motion for leave to proceed by pseudonym before or contemporaneously with the complaint or other initial pleading." *Id.* According to the *Geico* court, *Gibbs* and *Yocom* affirm that "a case is not commenced with respect to unnamed parties unless and until the district court grants permission for the parties to proceed anonymously and the parties comply with any such conditions the court may impose." *Id.* at *15. A motion for leave to proceed under pseudonym "set[s] in motion the proper procedure to ensure the district court's jurisdiction." *Id*. at *16. The court's order on such motion, coupled with any subsequent compliance required by the party, "remed[ies] any jurisdictional defect that previously existed." *Id.* at *17.

The approach and rationale in *Geico General Insurance Company* and *Farmington Municipal Schools* is persuasive. *Yocom*'s holding, viewed in the context of the case, applies to cases where no permission to proceed pseudonymously was sought or granted from the district court before an appeal was filed. *Yocom* does not prevent a party from requesting permission from the district court to proceed by pseudonym in an active case, nor does it prohibit the district

---

[1] The court noted that because the plaintiff initially filed suit in state court, she had no opportunity to request to proceed by pseudonym before removal. *Farmington Mun. Sch.*, 2021 U.S. Dist. LEXIS 70813, at *4–5.. However, the court did not limit its decision or analysis to such circumstances.

court from granting it. Accordingly, the jurisdictional defect caused by proceeding by pseudonym without leave of the court can be cured.

Turning to the merits of Ms. Doe's request, the Federal Rules of Civil Procedure require the complaint to "name all the parties," Fed. R. Civ. P. 10(a), and the action to "be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a). No provision in the rules allows "for suits by persons using fictitious names or for anonymous plaintiffs." *Gibbs*, 886 F.2d at 1245. "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). Nevertheless, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings." *Id.* When determining whether a party may proceed under pseudonym, "it is proper to weigh the public interest." *Id.* In general, "[l]awsuits are public events," and "the public has an important interest in access to legal proceedings." *Id.* (internal quotation marks omitted). The nature of the legal system requires that "those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id.*

In this case, the parties stipulated that Ms. Doe should be permitted to proceed under pseudonym "due to the very sensitive nature of the case, her current age, her age at the time of the abuse, the risk of exacerbated harm at being named, and the lack of prejudice to the parties." (Mot. 3, Doc. No. 43.) Although her current age is not clear from the pleadings, presumably, as a junior-high-school student, Ms. Doe was a minor when the alleged abuse occurred. Claims of sexual abuse of a minor can constitute an exceptional circumstance warranting use of pseudonym. *See Doe v. United States Olympic Comm.*, No. 19-cv-00737, 2019 U.S. Dist. LEXIS 113590, at *4 (D. Colo. July 9, 2019) (unpublished) ("Courts to have considered the issue in the Tenth Circuit have allowed plaintiffs alleging that they were sexually abused as

5

minors to proceed under pseudonyms."). Sexual abuse of a minor "is a matter of a highly sensitive and personal nature." *Id.* (internal quotation marks omitted).

Where this case involves detailed descriptions of Ms. Doe's alleged sexual abuse and the parties are in agreement, Ms. Doe will be allowed to proceed under pseudonym at this juncture.[2] However, Ms. Doe must file a notice under seal stating her true identity.

## CONCLUSION

The parties' motion is GRANTED. The plaintiff may proceed under pseudonym at this juncture. The court ORDERS:

1. Plaintiff be referred to as Jane Doe 1 in all publicly filed papers;

2. Within fourteen (14) days, Plaintiff is to file a notice under seal disclosing her true identity and must send a copy of the same to Defendant;

3. All documents containing Jane Doe 1's personally identifying information be redacted, or, if necessary to the determination of the case, be filed under seal and in accordance with DUCivR 5-3;

4. Jane Doe 1's personally identifying information be considered CONFIDENTIAL INFORMATION as defined by the court's Standard Protective Order. However, the parties and counsel may share Jane Doe 1's personally identifying information with

    a. All individuals identified in Paragraph 6(b) of the Standard Protective Order, and

---

[2] Ms. Doe's motion seeks permission to use a pseudonym in all publicly filed papers. (Mot. 1, Doc. No. 43.) The motion does not request to use a pseudonym at trial. The use of a pseudonym at trial presents other considerations which are not yet before the court. *Cf. Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) (citing cases noting use of a pseudonym at trial may create a potential "subliminal comment on the harm" caused to plaintiff or risk "implicitly influenc[ing] the jury").

    b. All witnesses, records custodians, and other individuals with facts and information related to the case who would likely already know the identity of Jane Doe 1 or her family.

DATED this 20th day of October, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge
